Roberta Steele, Regional Attorney
U.S. Equal Employment Opportunity Commission
450 Golden Gate Avenue
5 West, P.O Box 36025
San Francisco, CA 94102-3661

John F. Stanley, Supervisory Trial Attorney
Amos B. Blackman, Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
909 First Avenue, Suite 400
Tel: (206) 220-6930
Fax: (206) 220-6911
Email: amos.blackman@eeoc.gov

ATTORNEYS FOR PLAINTIFF

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. CV 19- |
| Plaintiff, | ) ) | |
| vs. | ) ) | **COMPLAINT** |
| | ) | **AND JURY DEMAND** |
| NORVAL ELECTRIC COOPERATIVE, INC., | ) ) ) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended

("Title VII"), and Title I of the Civil Rights Act of 1991, Pub. L. 102-166, to

correct unlawful employment practices on the basis of sex (female) and in

retaliation for opposition to practices reasonably believed to be unlawful under

Title VII, and to provide appropriate relief to Shalaine Lawson, who is adversely

affected by such practices.  Plaintiff, the United States Equal Employment

Opportunity Commission ("EEOC"), alleges that Defendant, NorVal Electric

Cooperative, Inc. ("Defendant"), violated Title VII when Defendant: (1) subjected

Lawson to a hostile work environment through the sexually harassing conduct of

its General Manager, Craig Herbert ("Herbert"), and threatened her job and

prevented her from returning to work in retaliation for her opposition to Herbert's

and Defendant's conduct.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections

706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102

of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the District of Montana, Great

Falls Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the

"Commission"), is the agency of the United States of America charged with the

administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, NorVal Electric Cooperative, Inc., has been a domestic rural cooperative utility incorporated under the laws of the State of Montana, employing fifteen (15) or more employees in each of twenty (20) or more weeks in 2017, and doing business in Valley County, Montana.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce as defined by Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

<u>ADMINISTRATIVE PROCEDURES</u>

6.     More than thirty (30) days prior to the institution of this lawsuit, Lawson filed a charge of discrimination with the EEOC alleging that Defendant subjected her to a hostile work environment on the basis of her sex (female) and retaliated against her for objecting to the alleged sexual harassment.

7.     By letter dated August 22, 2019, the EEOC issued to Defendant a Determination finding, inter alia, that Defendant discriminated against Lawson when it subjected her to sexual harassment and retaliated against her for opposing conduct made unlawful by Title VII, in violation of the ADA.

8.      By letter dated August 26, 2019, the EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory and retaliatory practices and provide appropriate relief.

9.      The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory and retaliatory practices described in the Determination.

10.     The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

11.     By letter dated September 20, 2019, the EEOC issued to Defendant a Notice of Failure of Conciliation, notifying Defendant of the EEOC's determination that efforts to conciliate Lawson's charge had been unsuccessful and that further conciliation efforts would be futile or non-productive.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

13.     Lawson, a Certified Public Account ("CPA"), began working for Defendant as an accountant/office staff in December 2010 and was promoted to Office Manager in January 2015, a role in which she had the duties of the Chief Financial Officer and reported directly to Craig Herbert, Respondent's General Manager.

14.     Since at least May 2017, Defendant has engaged in unlawful employment practices in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Lawson to a hostile work environment based on her sex (female).

15.     Defendant's practices complained of in paragraph 13 include but are not limited to the following:

a.      Herbert, who was and is Defendant's General Manager and was also Lawson's direct supervisor, subjected Lawson to unwelcome sexual comments, including telling Lawson, who had worn false eyelashes, that women who wore false eyelashes were looking to have an affair; asking Lawson whether she was having an affair with the executive of a business; asking Lawson whether her husband gave massages and telling her that he, Herbert, gave good massages and could help her relax; asking Lawson about her sex life; and saying to Lawson that she was "filling out her pants nicely."

b.      Herbert also subjected Lawson to unwelcome physical touching to which he did not subject other NorVal employees, including wrapping his arms around Lawson's chest and lifting her off the ground, purportedly to "crack" or "pop" her back, and subjecting her to long hugs on multiple occasions.

c.      On October 4, 2017, Herbert propositioned Lawson, while both were attending a conference for work.  He suggested they meet in his room,

offered to give her a key to his room, and said they should go to his room separately.

16.     Since at least October 2017, Defendant has engaged in unlawful employment practices in violation of § 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), retaliating against Lawson for opposing conduct she reasonably believed was unlawful under Title VII.

17.     Lawson's opposition included but was not limited to:

    a.     Refusing Herbert's proposition on October 4, 2017;

    b.     Notifying Herbert that she had documented his proposition on October 6, 2017;

    c.     Asking to have a meeting with Herbert with a board member present;

    d.     Writing an email to Herbert on October 10, 2017, stating that she was "saddened that you refuse to allow me to report my concerns to the proper authority and now have chosen to retaliate and threaten termination," and attaching a written statement complaining about Herbert's conduct, including the October 4 proposition and the offer of a massage;

    e.     Attempting to report her complaints to Defendant's attorney; and

    f.     Filing a sexual harassment and retaliation complaint with the Montana Department of Labor & Industry, Human Rights Bureau and the EEOC on or about November 20, 2017.

18.     Defendant's practices complained of in paragraph 16 include but are not limited to the following:

   a.     Issuing Lawson a written reprimand on October 10, 2017, which was written by Herbert and warned Lawson that she had "no authority or right to engage board members or the board as a whole with any of [her] employment or authority issues," that "[t]hose issues will be exclusively resolved by [Herbert]," and that she had "continued to challenge [Herbert's] authority to manage NorVal. This is not acceptable and if it occurs again, you will be terminated immediately for cause"; and later that same day proposing a severance package to leave immediately;

   b.     Reassigning Lawson's duties of taking board minutes;

   c.     Informing Lawson she was not be on Defendant's property;

   d.     Initiating Lawson's termination;

   e.     Inciting hostility toward Lawson among its employees; and

   f.     Suspending Lawson's employment indefinitely.

19.     Defendant's discriminatory and retaliatory practices caused Lawson psychological injuries that necessitated that she request medical leave.  The psychological injuries continue to the present.

20.     Defendant and Herbert continue to express and demonstrate hostility toward Lawson to the present.

21.     Defendant's and Herbert's conduct have damaged Lawson's reputation in the Valley County community.

22.     The effect of the practices complained of in paragraphs 14 through 21 above has been to deprive Lawson of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and because she engaged in activity protected by Title VII.

23.     The unlawful employment practices complained of in paragraphs 14 through 21 above were intentional.

24.     The unlawful employment practices complained of in paragraphs in paragraphs 14 through 21 above were committed with malice or with reckless indifference to Lawson's federally protected rights.

<u>PRAYER FOR RELIEF</u>

Wherefore, the EEOC respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, servants, employees, attorneys, all persons in active concert or participation with it, and successors, from engaging in any employment practice that discriminates based on sex.

B.     Grant a permanent injunction enjoining Defendant, its officers, servants, employees, attorneys, all persons in active concert or participation with it, and

successors, from engaging in any employment practice that retaliates against employees who oppose practices made unlawful by Title VII.

C.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of sex, prevent sexual harassment, and protect employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make Lawson whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in in paragraphs 14 through 24 above, including front pay in lieu of reinstatement due to Defendant's continuing hostility toward Lawson and because Lawson has suffered psychological injuries as a result of the discrimination and retaliation.

D.      Order Defendant to make Lawson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 through 24 above, in amounts to be determined at trial.

E.      Order Defendant to make Lawson whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 through 24 above, including emotional pain, suffering,

inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

F.      Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in paragraphs 14 through 24 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper to the public interest.

H.      Award the EEOC its costs of this action.

<u>JURY TRIAL DEMAND</u>

The EEOC requests a jury trial on all questions of fact raised by this Complaint.

DATED October 16, 2019.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSSION
Attorneys for Plaintiff

ROBERTA L. STEELE                    SHARON FAST GUSTAFSON
Regional Attorney                    General Counsel

JOHN F. STANLEY                      JAMES L. LEE
Supervisory Trial Attorney           Deputy General Counsel

AMOS B. BLACKMAN                     GWENDOLYN Y. REAMS
Senior Trial Attorney                Associate General Counsel

U.S. Equal Employment                U.S. Equal Employment
Opportunity Commission               Opportunity Commission
Seattle Field Office                 Office of the General Counsel
909 1st Avenue, Suite 400            131 "M" Street NE
Seattle, Washington 98104            Washington, D.C. 20507
Telephone (206) 220-6930
Fax: (206) 220-6911
Email: amos.blackman@eeoc.gov

By:    /s/ Roberta L. Steele
       Roberta L. Steele
       Regional Attorney