# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>SHALAINE LAWSON,<br><br>Intervenor,<br><br>v.<br><br>NORVAL ELECTRIC COOPERATIVE, INC.,<br><br>Defendant. | CV-19-71-GF-BMM<br><br>**CONSOLIDATED ORDER**<br>**RE: MOTION TO CONSOLIDATE;**<br>**MOTION TO SUPPLEMENT; AND**<br>**MOTION TO STRIKE** |

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a complaint on October 16, 2019, against Defendant Norval Electric Cooperative, Inc. ("Norval") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of

1

sex and in retaliation for opposition to practices reasonably believed to be unlawful under Title VII. (Doc. 1.) Specifically, EEOC alleges that Norval subjected Intervenor Shalaine Lawson ("Lawson") to a hostile work environment through sexually harassing conduct of her supervisor and threatening Lawson's job and preventing her from returning to work in retaliation. (*Id.*) Norval answered the complaint on December 19, 2019. (Doc. 4.) The Court granted Lawson's motion to intervene as a party plaintiff (Doc. 7) on February 19, 2020. (Doc. 15.)

Lawson filed a motion originally fashioned as an effort to "consolidate" (Doc. 17), now understood to be an attempt to join (Doc. 26), proceedings currently pending in Montana state courts with this action. EEOC takes no position. (Doc. 19.) Norval opposes the motion. (Doc. 18.) Lawson's proceedings in Montana state courts include the following: judicial review of an action before the Montana Human Rights Commission, *Lawson v. Norval Electric Cooperative*, HRB Case No. 0180070 (Doc. 17-2), now under judicial review in DV-2020-11, 17th Judicial District, Valley County, Montana (Doc. 22 at 5); Lawson's application for attorneys' fees and costs associated with the Human Right Commission action, *Lawson v. Norval Electric Cooperative, Inc.*, No. \_\_\_-\_\_ 17th Judicial District Court, Valley County, Montana (Doc. 17-3); and a complaint and demand for jury trial in *Lawson v. Norval Electric Cooperative, Inc., et al.*, DV-

2019-68 17th Judicial District Court, Valley County, Montana (Doc. 17-4.). The Court will review each state proceeding separately.

As the Court explains below, it likely had jurisdiction to hear all three of Lawson's state cases. That said, it will choose not to review Lawson's action before the Montana Human Rights Commission and the application for attorneys' fees and costs associated with that case.

As for Lawson's state claims currently before the Montana State Court, 17th Judicial District, Valley County, the Court cannot grant Lawson's motion at this time. Lawson already has filed a complaint in this case that alleges federal claims. (*See* Doc. 16.) Because of that complaint, this Court can exercise pendent jurisdiction over any state law claims that arise from the same nucleus of facts as the federal claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). This Court lacks authority, however, to consolidate or remove the state court action to this Court. Thus, for the Court to hear Lawson's state law claims, she must ask the Court for leave to file an amended complaint that contains both her federal and state law claims.

Finally, Non-party Matthew Knierim ("Knierim") filed what he has fashioned as a "special, limited appearance" (Doc. 20) for the sole purpose of responding to Lawson's motion (Doc. 17.) Knierim sought to join in Norval's opposition (Doc. 18) to Lawson's motion. (Doc. 21.) EEOC filed a motion to strike

Knierim's notice of special appearance and Knierim's attempted joinder in Norval's opposition. (Doc. 23.) EEOC argued that Knierim provided no authority to support the filing of a limited appearance. (Doc. 24 at 3.) EEOC also contends that Knierim should have sought leave of court before attempting to file any document. (*Id.*, at 4.) Norval appears to support Knierim's attempt at a limited appearance. (Doc. 25.)

## DISCUSSION

A person may join in one action as plaintiffs if they assert any right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise." Fed. R. Civ. Proc. 20. Lawson contends that the proceedings in the Montana state courts arise out of the same series of occurrences and present common questions of law and fact to the proceedings in front of this Court. (Doc. 22.)

I.   **Proceedings Before the Montana Human Rights Commission**.

Lawson contends that the Ninth Circuit's decision in *BNSF Railway Co. v. O'Dea*, 572 F.3d 785 (9th Cir. 2009), supports her effort to consolidate. BNSF sought to file an action in federal court to review a decision of the Montana Human Rights Commission. The district court dismissed the action based on its understanding that Montana law limited review of agency actions to "the [state] district court for the county where the petitioner resides or has the petitioner's

4

principal place of business or where the agency maintains its principal office." *BNSF*, 572 F.3d at 788 (quoting Mont. Code Ann. § 2-4-702(2)(a)). The Ninth Circuit reversed.

The Ninth Circuit first noted that a state could not confer rights on private parties and require that the litigation between those parties must be confined to the courts of the state itself. *BNSF*, 572 F.3d at 788. Federal courts must look to their sources of power in evaluating questions of jurisdiction. In that case, the Ninth Circuit faced the question of whether diversity jurisdiction could be exercised over review of the state administrative proceedings. The diverse citizenship of the parties and the amount in controversy satisfied the requirements of 28 U.S.C. § 1332. The Ninth Circuit dispensed with concerns about the federal district court serving in appellate role in reviewing the record from the state administrative proceeding. The Ninth Circuit noted that "there is nothing special about on-the-record review." *BNSF*, 572 F.3d at 790. District courts "routinely conduct deferential review" over "on-the-record review of federal administrative action." *Id.* (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 171 (1997).

Lawson's claim does not satisfy the requirement for diversity jurisdiction under § 1332. Lawson is a citizen of Montana and Norval is a domestic rural cooperative utility registered in the State of Montana with its principal place of business in Glasgow, Montana, and its named employees and directors all are

5

Montana citizens. (Doc. 17-4.) Lawson attempts to overcome this shortcoming by claiming that the Court could exercise "pendent jurisdiction" over the state law parties and claims. (Doc. 22 at 3.) Lawson cites to the Ninth Circuit's decision in *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180-81 (9th Cir. 2004), to support the Court's exercise of pendent jurisdiction. (Doc. 22 at 4.) As noted by the Ninth Circuit, however, the statute "leave[s] it to the discretion of that [district] court to decide whether to retain or dismiss the pendent state-law claims." *Action Embroidery Corp.*, 368 F.3d at 1181 (citing 28 U.S.C. § 1367(c)).

The Court sees nothing to be gained in terms of judicial economy or the avoidance of risk of conflicting decisions in exercising pendent jurisdiction over judicial review of Lawson's action before the Montana Human Rights Commission (17-2) and her related state court claim to recover attorneys' fees and costs as the prevailing party before the Human Rights Commission. (Doc. 17-3.) The judicial review involves an on-the-record review of the proceedings previously conducted before the Human Rights Commission with no new evidence or testimony permitted. Mont. Code Ann. §§ 49-2-505(9), 2-4-704(1). This Court possesses no special expertise on this front and it would have to spend a similar amount of time as the Montana state court in conducting the review. Likewise, the parties will have to file briefs regarding this review in this Court or in the Montana state court. Mont. Code Ann. § 2-4-702(2)(b). The decision whether to award attorneys' fees

and costs to Lawson as the prevailing party in the proceedings before the Human Rights Commission involves the same analysis. For these reasons the Court declines to exercise pendent jurisdiction over the judicial review of the Human Rights Commission decision (Doc. 17-2) and the related question of attorneys' fees and costs. (Doc. 17-3.)

## II. Montana State Court Proceedings.

Lawson's original action in Montana state court remains. Lawson alleges a series of state law claims against Norval, its employees, and agents, including defamation, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of the covenant of good faith and fair dealing, and a claim for punitive damages. (Doc. 17-4.) Lawson filed a motion to intervene here as party plaintiff. (Doc. 7.) EEOC did not oppose. (Doc. 7 at 2.) Norval also did not oppose. (Doc. 8.) Based on Norval's concession that it did not oppose Lawson being allowed to intervene and Lawson's alleged status as an "aggrieved person" within the meaning of Title VII, the Court determined that Lawson's intervention as a party plaintiff would be appropriate. (Doc. 15.)

In limited circumstances, federal courts may exercise their jurisdiction over state law claims even in the absence of diversity jurisdiction. The United States Supreme Court has recognized that federal courts may hear state law claims if a plaintiff alleges state and federal claims and the state and federal claims arise from

7

a nucleus of facts common to both. *See United Mine Workers*, 383 U.S. at 725. The Ninth Circuit has recognized that district courts may exercise pendent jurisdiction over state law claims related to a plaintiff's Title VII claims. *See Bouman v. Block*, 940 F.2d 1211, 1231 (9th Cir. 1991); *see also Finley v. Salazar*, 2013 WL 1209942 (D. Mont. 2013) (exercising jurisdiction over state law retaliation claims related to plaintiff's Title VII claim). Lawson's state law claims relate to her Title VII claims. All claims arise from her employment relationship with Norval and her allegations that her supervisor sexually harassed her and that Norval retaliated against her for reporting the harassment. (Doc. 17-4.)

Norval cites *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993), for the proposition that Title VII provides no basis to bring a defendant acting in their individual capacity into federal court. (Doc. 25 at 2.) *Miller* affirmed the dismissal of claims filed under Title VII that sought to impose personal liability on employees. The Ninth Circuit noted that "Congress assessed civil liability only against an employer under Title VII." *Id.*, at 587. Claims against the employer could move forward, but, as the majority of courts have recognized, claims against employees could proceed only when those employees acted in their official capacities in order to incorporate the notion of "respondeat superior liability" into Title VII. *Id.* at 588.

Lawson does not seek to hold the individual defendants named in her state law complaint individually liable under Title VII. She instead seeks to hold them liable under various causes of action recognized under Montana law. (Doc. 17-4.) These Montana causes of action impose no limit on liability for employees acting in their individual capacities similar to that recognized under Title VII. Norval's employees, agents, and board members named as defendants in the state law claim may have indemnification agreements with Norval and may assert any other defenses available under Montana law. The Court will address any indemnification agreements and any potential defenses when, and if, raised by the individual defendants.

Lawson's state law claims appear to involve the same potential witnesses and documents as does the Title VII action initiated by EEOC. (Doc. 17-4 and Doc. 1.) The Montana state court likely lacks general jurisdiction over claims brought by EEOC to enforce Title VII. *See Valenzuela v. Kraft, Inc.*, 739 F.2d 434, 435 (9th Cir. 1984). EEOC's federal action will proceed regardless of the resolution of Lawson's state law claims. The exercise of pendent jurisdiction over Lawson's state law claims under these circumstances would promote "judicial economy avoid[] piecemeal litigation, and [serve the] overall convenience of the parties." *Action Embroidery Corp.*, 368 at 1181.

Though the Court could exercise pendent jurisdiction over Lawson's state law claims as outlined in Doc. 17-4, the Court cannot grant Lawson's motion. Lawson already has filed a complaint in this case alleging federal claims. (*See* Doc. 16.) Because of that complaint, this Court can exercise pendent jurisdiction over any state law claims that arise from the same nucleus of facts as the federal claims. This Court lacks authority to consolidate or remove the state court action to this Court. Thus, for the Court to hear Lawson's state law claims, she must ask the Court for leave to file an amended complaint that contains both her federal and state law claims.

### III. Remaining Issues.

The Court finally addresses EEOC's effort to strike Knierim's efforts to oppose Lawson's attempt to consolidate her state court claims with this action. The Federal Rules of Civil Procedure eliminated the distinction between general and special appearances in 1938. *See S.E.C. v. Wencke*, 783 F.2d 829, 832 n.3 (9th Cir. 1986). The Court declines to allow Knierim "to have one foot in the case and one foot out." *Smith v. TFI Family Services, Inc.*, 2019 WL 1556250 (D. Kan. 2019). Knierim can choose whether to make an actual appearance in this Court if timely served with Lawson's complaint. EEOC's motion is granted.

# **ORDER**

Accordingly, **IT IS ORDERED** that:

- Lawson's motion (Doc. 17) is **DENIED**. The Court will consider a motion to file an amended complaint as related to the state court claims outlined in Doc. 17-4;

- Lawson's motion to supplement (Doc. 26) is **DENIED** as moot; and
- EEOC's motion to strike (Doc. 23) is **GRANTED**.

DATED this 2nd day of April, 2020.

*[signature: Brian Morris]*

Brian Morris, Chief District Judge
United State District Court