IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>and<br><br>SHALAINE LAWSON,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>NORVAL ELECTRIC COOPERATIVE, INC.,<br><br>Defendant. | CASE NO: CV 19-00071-BMM<br><br><br>**ORDER REGARDING INTERVENOR-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BASED ON RES JUDICATA OR COLLATERAL ESTOPPEL** |

Having considered the Motion for Summary Judgment Based on Res Judicata or Collateral Estoppel filed by Intervenor-Plaintiff Shalaine Lawson ("Lawson") (Doc. 53), and the March 29, 2023 Stipulation filed by Lawson, Plaintiff U.S. Equal Opportunity Commission ("EEOC"), and Defendant NorVal Electric Cooperative, Inc. ("NorVal") (collectively, the "Parties") (Doc. 96 ), IT IS HEREBY ORDERD THAT Lawson's Motion is GRANTED as follows:

1.      Under the doctrine of collateral estoppel as applied by Montana state courts, NorVal and Lawson have had a "full and fair opportunity" to litigate to "finality" certain issues that are "identical" to issues in this Action: NorVal's liability for the sexual harassment of Lawson, NorVal's liability for retaliating against Lawson for engaging in protected activity; the dollar amount of Lawson's back pay caused by these unlawful actions; the dollar amount of Lawson's front pay caused by these unlawful actions; and the dollar amount of Lawson's emotional distress damages caused by these unlawful actions;

2.      NorVal is liable under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), for the sexual harassment of Lawson and cannot relitigate in this Action the determinative facts on the issue of sexual harassment which were actually or necessarily decided in the state proceedings;

3.      NorVal is liable under Title VII for retaliating against Lawson for engaging in protected activity and cannot relitigate in this Action the determinative facts on the issue of retaliation which were actually or necessarily decided in the state proceedings;

4.      The amount of Lawson's back pay caused by NorVal's unlawful actions is $189,094.30, not including interest. The Parties cannot relitigate this amount in this Action, nor may Lawson or the EEOC obtain double recovery;

5. The amount of Lawson's front pay caused by NorVal's unlawful actions is $505,957.92, not including interest. The Parties cannot relitigate this amount in this Action, nor may Lawson or the EEOC obtain double recovery;

6. The amount of Lawson's emotional distress damages caused by NorVal's unlawful actions is $50,000.00, not including interest. The Parties cannot relitigate this amount in this Action, nor may Lawson or the EEOC obtain double recovery; and

7. The Parties are not collaterally estopped nor otherwise precluded from continuing to litigate other issues in this Action, including: the EEOC's claims for injunctive relief under Title VII, the EEOC's claim for punitive damages under § 1981a, Lawson's claim for punitive damages under § 1981a, and Lawson's claim for attorneys' fees and costs under Title VII.

**SO ORDERED.**

DATED this  30th  day of  March , 2023

_____
Brian Morris, Chief District Judge
United States District Court