**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CAUSE NO. CV-19-71-GF-BMM |
| Plaintiff, | ) ) | |
| and | ) ) | |
| SHALAINE LAWSON, | ) ) | |
| Plaintiff-Intervenor | ) ) | |
| vs. | ) ) | **[PROPOSED] CONSENT DECREE** |
| NORVAL ELECTRIC COOPERATIVE, INC., | ) ) ) | |
| Defendant. | ) | |

I.     <u>INTRODUCTION</u>

1.     Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC")

filed this lawsuit on October 16, 2019 pursuant to Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, Pub. L. 102-166. The EEOC alleged that Defendant NorVal Electric Cooperative, Inc. ("NorVal") engaged in unlawful employment practices by subjecting Shalaine Lawson ("Lawson") to a hostile work environment based on her sex (female), in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), and retaliating against Lawson for opposing conduct made unlawful under Title VII, in violation of § 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). The EEOC sought monetary and non-monetary relief. (Doc. 1.) NorVal answered the lawsuit on December 19, 2019, and denied that it violated Title VII. (Doc. 4). Lawson moved to intervene in this lawsuit, her motion was granted, and she filed her Complaint in Intervention on February 25, 2020. (Doc. 16.)

2.      The EEOC and NorVal want to conclude fully and finally the EEOC's claims against NorVal arising out of the EEOC's Complaint. The EEOC and NorVal enter into this Consent Decree to further the objectives of equal employment opportunity in Title VII.

3.      Plaintiff-Intervenor Lawson is not a party to this Consent Decree, and this Consent Decree does not conclude Lawson's claims against NorVal arising out of her Complaint in Intervention.

II.    <u>JURISDICTION AND VENUE</u>

4.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Montana.

III.    <u>SETTLEMENT SCOPE</u>

6.    This Consent Decree is the final and complete resolution of all claims set forth in the EEOC's Complaint and any claim by NorVal against the EEOC for costs and/or attorney's fees.

7.    This Consent Decree is not a resolution of Lawson's claims set forth in her Complaint in Intervention or elsewhere.

8.    No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the EEOC and NorVal, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

IV.    <u>MONETARY RELIEF</u>

9.    In settlement of the EEOC's claims, NorVal shall pay a total gross amount of Fifty Thousand Dollars ($50,000.00) within fourteen (14) days of the date of entry of this Consent Decree by delivering the following:

a.    A check in the amount of Fifty Thousand Dollars ($50,000.00) payable to Shalaine Lawson, which constitutes punitive damages, delivered to Lawson by certified mail with proof of delivery.

b.    A copy of the check, delivered to the EEOC by electronic mail to: (1) EEOC-SEFO_COMPLIANCE@eeoc.gov; and (2) SEFO_NORVAL@eeoc.gov.

10.    NorVal will issue Lawson an IRS Form 1099 for this payment in accordance with the Internal Revenue Service's schedule for delivery of such forms. NorVal will provide the EEOC a copy of this IRS Form 1099 within seven (7) days of its issuance to Lawson.

11.    NorVal will not condition the receipt of monetary relief provided pursuant to this Consent Decree on Lawson's agreement to (a) maintain as confidential the facts and/or allegations underlying the Complaint and the terms of this Consent Decree; (b) waive her statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with NorVal; (d) a non-

disparagement and/or confidentiality agreement; or (e) any other requirements not expressly set forth in this Consent Decree.

## V.   INJUNCTIVE AND OTHER RELIEF

### A.   General Provisions

12.    NorVal, its board members, officers, agents, managers, supervisors, and human resources employees, if any, and their successors and assigns, are permanently enjoined from engaging in practices that discriminate against or subject any employee to a hostile work environment based on sex as prohibited by Title VII or that retaliate against or subject any employee to a hostile work environment based on their opposition to such practices. In recognition of these obligations, NorVal will implement the specific injunctive relief set forth below.

13.    During the duration of this Consent Decree, NorVal will provide prior written notice to any potential or actual purchaser of its business, to any potential or actual purchaser of all or a substantial portion of its assets, and to any other potential or actual successor, of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Consent Decree.

### B.   Independent Title VII Consultant

14.    Within thirty (30) days of the entry of this Consent Decree, NorVal shall retain the services of an independent third-party human resources consultant or business entity ("Title VII Consultant"), who will have the responsibility to

investigate independently and confidentially any and all complaints of discrimination based on sex, including sexual harassment and hostile work environment, and retaliation reported to NorVal, its board, or directly to the Title VII Consultant. The Title VII Consultant shall have expertise in Title VII and experience in investigating sex discrimination complaints. The Title VII Consultant shall have no prior financial relationship with NorVal, its board members, or any of its attorneys. The Title VII Consultant shall report directly to NorVal's Board of Trustees.

15.    For the duration of this Consent Decree, the Title VII Consultant shall:

a.    Assist NorVal to revise its policies and procedures consistent with the requirements of this Consent Decree, and specifically with regard to compliance with Title VII;

b.    Investigate independently and confidentially any and all complaints of discrimination based on sex, including sexual harassment and hostile work environment, and retaliation;

c.    Have access to NorVal documents, employees and board members and NorVal facilities in the course of such investigations as the Title VII Consultant deems necessary or appropriate;

d.      Recommend appropriate disciplinary or corrective action to resolve a complaint of discrimination or retaliation;

e.      Maintain detailed written records of all complaints of discrimination and retaliation, the investigation of such complaints, and the resolution of such complaints;

f.      Provide copies of such records to the EEOC within thirty (30) days after receipt of any complaint, within seven (7) days of completion of the investigation of a complaint, and upon request by the EEOC;

g.      Provide training to all employees and board members, including the Title VII Points of Contact, consistent with the requirements of this Consent Decree; and

h.      Contact the EEOC directly if concerns arise regarding NorVal's compliance with this Consent Decree.

16.     NorVal shall have fourteen (14) days from the entry of this Consent Decree to propose to the EEOC a Title VII Consultant with expertise in Title VII and experience in investigating sex discrimination complaints. NorVal shall provide the EEOC with the proposed Title VII Consultant's name, address, telephone number, and email address, along with a résumé or C.V. The EEOC shall have fourteen (14) days from the date of receipt of this information to accept or reject the proposed Title VII Consultant. In the event EEOC does not approve

the proposed Title VII Consultant, NorVal shall have fourteen (14) days to identify an alternate proposed Title VII Consultant, and the EEOC shall have fourteen (14) days to accept or reject the alternate. In the event that NorVal and the EEOC cannot agree upon a Title VII Consultant, including but not limited to if NorVal fails to propose a Title VII Consultant as required by this Paragraph, the EEOC shall specify the new Title VII Consultant to be retained by NorVal. In the event that the serving Title VII Consultant can no longer serve, NorVal shall have fourteen (14) days from the date of notice that the Title VII Consultant will be unavailable to continue their duties to propose to the EEOC a replacement Title VII Consultant, and the process for selection shall be the same as described above.

17.     For the duration of this Consent Decree, NorVal shall notify the Title VII Consultant of all complaints of discrimination based on sex, including sexual harassment and hostile work environment, and retaliation, and shall transmit to the Title VII Consultant all documentation of any such complaint it or its board receives as soon as practicable and, in any event, no later than the close of the next business day after receipt of the complaint.

18.     For the duration of this Consent Decree, if the NorVal General Manager, any board member, any supervisor, and any employee with human resources responsibilities observes discrimination based on sex, including sexual harassment and hostile work environment, or retaliation, or becomes aware of such

conduct, he or she shall notify the Title VII Consultant as soon as practicable and, in any event, no later than the close of the next business day after learning of the discriminatory or retaliatory conduct.

19.    NorVal shall fully cooperate with the Title VII Consultant in connection with his or her efforts to investigate complaints discrimination based on sex, including sexual harassment and hostile work environment, and retaliation, including providing access to employees, documents, its facilities, and any other sources of information the Title VII Consultant deems necessary and appropriate.

20.    In the event the Title VII Consultant determines that any employee or board member of NorVal, including the General Manager, has engaged in discrimination based on sex, including sexual harassment and hostile work environment, or retaliation, NorVal shall take all necessary and appropriate disciplinary and/or corrective measures in accordance with the Title VII Consultant's recommendations. If NorVal determines that it will not take a measure recommended by the Title VII Consultant and/or that it will take a measure other than those recommended by the Title VII Consultant, it will document its reasons for doing so and provide them to the Title VII Consultant for inclusion in the documentation of the investigation.

21.    For the duration of this Consent Decree, NorVal shall ensure that the General Manager complies with Paragraphs 17–20, notifies the Title VII

Consultant of any complaint, report, and/or observation of discrimination based on sex, sexual harassment, hostile work environment or retaliation, and does not independently investigate complaints of discrimination or retaliation based on sex, sexual harassment, hostile work environment or retaliation without the involvement of the Title VII Consultant.

22.    NorVal shall be responsible for compensating the Title VII Consultant at a rate to be agreed upon and shall pay any and all costs and expenses of the Title VII Consultant that the Title VII Consultant deems necessary or appropriate to fulfill his or her duties under this Consent Decree.

C.    Title VII Points of Contact

23.    Within thirty (30) days of the entry of this Consent Decree, NorVal shall designate three (3) Title VII Points of Contact to have the responsibility for receiving confidentially any and all complaints of discrimination based on sex, including sexual harassment and hostile work environment, and retaliation reported to NorVal, its board members, or directly to a Title VII Point of Contact, and notifying the Title VII Consultant to investigate the complaints pursuant to

Paragraph 17 above. The Title VII Points of Contact shall *not* investigate such complaints separately from the Title VII Consultant's investigation.

24.   The Title VII Points of Contact shall be:

    a.   The current General Manager;

    b.   The current Board President; and

    c.   A NorVal employee other than the General Manager who lives and works in Glasgow, Montana (the "Local Contact").

25.   Prior to its designation of the Local Contact, NorVal shall provide the EEOC with the proposed Local Contact's name, title(s) and position(s), address, telephone number, and email address. The EEOC shall have fourteen (14) days from the date of receipt of this information to advise NorVal of its comments, if any. NorVal will cooperate in good faith to address the EEOC's comments.

26.   Within sixty (60) days of the entry of this Consent Decree and annually thereafter for the duration of this Consent Decree, the Title VII Consultant shall train the Title VII Points of Contact on the requirements of this Consent Decree, with special emphasis on the Title VII Points of Contact's duties. In addition, the Title VII Consultant shall so train any Title VII Point of Contact newly designated under Paragraph 27 within thirty (30) days of his or her designation. At the close of each such training, each Title VII Point of Contact must certify in writing that he or she understands that he or she is responsible for

knowing and complying with Title VII, NorVal policies and procedures, and this Consent Decree; that he or she is required to report any complaint for investigation to the Title VII Consultant; that he or she is required to report to the Title VII Consultant any discrimination or retaliation that he or she observes; and that failure to do so violates this Consent Decree and will result in disciplinary action up to and including termination.

27.     NorVal shall have three individuals designated in the role of Title VII Point of Contact at all times during the term of the Consent Decree. In the event that an individual designated as Title VII Point of Contact can no longer serve in that role, NorVal shall have fourteen (14) days to designate a replacement. In the event of a vacancy in the position of Board President, NorVal may designate a different NorVal Board Member to be that Title VII Point of Contact for that period.

28.     Within fourteen (14) days of training the Title VII Points of Contact (or a replacement therefore) as set forth in Paragraph 26, NorVal shall provide all employees with the names, telephone numbers, addresses, and email addresses of the Title VII Points of Contact, along with an explanation of their authority and responsibilities as Title VII Points of Contact. This explanation shall inform employees that they may complain directly to any one of the three Title VII Points of Contact, that their complaint will be promptly forwarded to the Title VII

Consultant, and that NorVal is prohibited from retaliating against any employee for making such a complaint. NorVal shall simultaneously provide the EEOC with a copy of this notice.

29.    Each of the Title VII Points of Contact shall report directly to the NorVal Board as a whole concerning all matters within the scope of their duties as a Title VII Point of Contact.

D.    Anti-Discrimination Policies and Procedures

30.    Within sixty (60) days of the entry of this Consent Decree, NorVal shall revise its written policies and procedures that apply to all employees and its board, including the General Manager, all board members, all other management personnel, supervisors, and human resources employees, and which: (a) prohibit discrimination based on sex, including sexual harassment and hostile work environment; (b) prohibit retaliation for complaining about discrimination based on sex, including sexual harassment and hostile work environment; (c) establish that an employee has the right to make a complaint concerning discrimination based on sex, including sexual harassment and hostile work environment, internally, to any Title VII Point of Contact, to the NorVal Board, and/or to the relevant government agencies and to not be retaliated against for making such a complaint; (d) encourage employees to come forward if they believe they have experienced discrimination or retaliation; (e) state that employees may bring any such

complaint directly to the EEOC in addition to, or instead of, complaining to NorVal, and identify the EEOC's website address, telephone number, and email address; (f) establish that the NorVal General Manager, all board members, all supervisors, and all employees with human resources responsibilities must notify the Title VII Consultant about any discrimination based on sex, including sexual harassment and hostile work environment, or retaliation that they observe or of which they become aware; (g) establish that NorVal will not retaliate against an employee for engaging in activity protected by the Title VII, including making a complaint concerning discrimination based on sex, including sexual harassment and hostile work environment; and (h) describe the procedure by which an employee can file an internal complaint of discrimination based on sex, including sexual harassment and hostile work environment, or retaliation.

31.    The written procedure for complaints of discrimination required by Paragraph 30 shall, at a minimum, (a) provide the names, telephone numbers, addresses and email addresses for the Title VII Points of Contact; (b) require any Title VII Point of Contact, board member, manager, supervisor, or human resources employee who receives a complaint concerning discrimination based on sex, including sexual harassment and hostile work environment to transmit the complaint to the Title VII Consultant; (c) guarantee that complaints will be reviewed and decided by a decision-maker who was not involved in the alleged

discrimination; (d) ensure that NorVal will maintain the confidentiality of such complaints and that private information, including the identity of the complainant and any witnesses, will be disclosed only as necessary and only to those people necessary to investigate the complaint; (e) provide methods for complaints to be made anonymously; (f) guarantee that NorVal will provide the complaining employee, unless anonymous, with written acknowledgment that a complaint has been received, including the name and contact information for the person investigating the complaint, within three (3) business days; (g) establish that investigation of the complaint with commence within seven (7) days; (h) ensure that NorVal will take prompt corrective action if the complaint is substantiated; and (i) guarantee that NorVal will provide the complaining employee, unless anonymous, a written explanation of the outcome of the investigation, including any corrective action, within seven (7) days of completion of the investigation.

32.    NorVal's written policies and procedures shall also ensure that NorVal will maintain documentation for at least one year of all such complaints, including documentation of the original complaint, documentation of the investigation; documentation of the findings of the investigation; and documentation of the corrective action taken, if any.

33.    The policies and procedures required by Paragraphs 30–32 shall be provided to the Title VII Consultant by NorVal for review and comment within

seventy-five (75) days of entry of this Consent Decree. Within ninety (90) days of entry of this Consent Decree, the Title VII Consultant will advise NorVal of his or her comments, if any. NorVal will cooperate in good faith to revise the policies and procedures to address the Title VII Consultant's comments.

34.    The policies and procedures required by Paragraphs 30–32 shall be provided to the EEOC by NorVal for review and comment within one hundred and five (105) days of entry of this Consent Decree. Within one hundred and twenty (120) days of entry of this Consent Decree, the EEOC will advise NorVal of its comments, if any. NorVal will cooperate in good faith to revise the policies and procedures to address the EEOC's comments.

35.    Within one hundred and fifty (150) days of entry of this Consent Decree, NorVal shall implement the policies and procedures required by Paragraphs 30–32, including but not limited to distribution of the policies and procedures to all employees and making the policies and procedures readily available to all employees on a website to which the employees have access both at and away from work.

36.    In the event that NorVal modifies any policies or procedures affected by Paragraphs 30–32 during the term of this Consent Decree, NorVal shall submit to the EEOC the proposed modifications no later than thirty (30) days prior to implementation. Within fourteen (14) days of receipt, the EEOC will advise

NorVal of its comments, if any. NorVal will cooperate in good faith to revise the policies and procedures to address the EEOC's comments.

       E.     <u>Policies Designed to Promote Accountability</u>

       37.     Within one hundred and fifty (150) days from the date of entry of this Consent Decree and for its duration, NorVal shall adopt and implement policies and performance standards that specifically advise the General Manager and all managers, supervisors, and human resource personnel of their duty to ensure compliance with its EEO anti-discrimination policies, including Title VII, and the prohibition against retaliation. In addition, NorVal's performance policies and standards shall inform managers and supervisors of their obligation to report any complaint based on sex discrimination, including sexual harassment and retaliation, for investigation, prevent and correct any sexual discrimination, harassment, or retaliation that they observe in the workplace or after receiving notice of sexual discrimination, harassment or retaliation, and warn that failure to take such action will result in disciplinary action. NorVal shall impose discipline, up to and including termination of employment, upon any General Manager, supervisor, manager, or human resources personnel, who it determines sexually discriminated, sexually harassed or retaliated against any employee for objecting to

such sexual discrimination or sexual harassment or failed to report such conduct to NorVal.

38.     In conducting performance reviews, NorVal shall include EEO enforcement and compliance as evaluation standards for the General Manager and all managers, supervisors, and human resource personnel.

39.     For the duration of this Consent Decree, Defendant shall not employ Craig Herbert in any capacity and will not rehire or contract with Herbert.

F.     Equal Employment Opportunity Training

40.     Within one hundred and eighty (180) days of entry of this Consent Decree and annually thereafter for the duration of this Consent Decree, NorVal shall provide at least one (1) hour of EEO training focused on discrimination based on sex, including sexual harassment and hostile work environment, and retaliation to all employees and board members. This anti-discrimination training shall include, at a minimum, an overview of Title VII with special emphasis on sexual harassment, hostile work environment, and retaliation. In addition, NorVal shall provide the training to new employees within thirty (30) days of hire and to new board members within thirty (30) days of joining the board.

41.     Within one hundred and eighty (180) days of entry of this Consent Decree and annually thereafter for the duration of this Consent Decree, NorVal shall provide at least one (1) hour of in-person training to all employees on

NorVal's anti-discrimination policies and procedures, as revised as required by Paragraphs 30–32, and the roles and responsibilities of the Title VII Points of Contact and the Title VII Consultant. This training shall be provided by the General Manager, who will take and answer questions, and all Title VII Points of Contact must attend in-person. The General Manager will meet in-person with anyone unable to attend within thirty (30) days to provide the same information. In addition, the General Manager will meet in-person with new employees to provide the same information within thirty (30) days of hire.

42.     NorVal shall provide the EEOC with copies of all training materials, including but not limited to all recordings that will be used, at least thirty (30) days prior to such trainings. The EEOC will advise NorVal of its comments, if any, within fourteen (14) days thereafter, which NorVal will make a good faith effort to address before providing the training. NorVal shall permit the EEOC to attend any training session required under the provisions of this Consent Decree upon request.

43.     All costs of training shall be borne by NorVal.

G.     <u>Anti-Retaliation</u>

44.     NorVal shall not retaliate against any current or former employee or applicant, including but not limited to Lawson, because she or he has in the past, or during the term of this Consent Decree: (a) filed a charge of discrimination alleging any practice made unlawful under Title VII; (b) testified or participated in

any manner in any investigation (including, without limitation, any internal

investigation undertaken by or on behalf of NorVal) or proceeding in connection

with this lawsuit or relating to any claim of a Title VII violation; (c) was identified

as a possible witness or claimant in this lawsuit; (d) asserted any rights under this

Consent Decree; (e) sought and/or received any relief in accordance with this

Consent Decree; or (f) are associated with an employee who has engaged in the

activities set forth in this section. Such prohibited retaliation includes, but is not

limited to, making them ineligible for rehire, providing a reference stating that they

are ineligible for rehire, providing an otherwise negative reference, and/or

disclosing or referring to such charge of discrimination, participation, and/or role

in this lawsuit in responding to employment reference requests or other

information requests from prospective employers. This Paragraph does not create a

right to reinstatement, a job opening, or any entitlement to be rehired at any time.

  H. <u>NOTICE</u>

  45. Within fourteen (14) days of the entry of this Consent Decree, NorVal

will post posters required to be displayed in the workplace by EEOC Regulations,

29 C.F.R. § 1601.30, at all NorVal facilities.

  46. Within forty-five (45) days of the entry of this Consent Decree,

NorVal shall post the Notice of this Consent Decree, attached hereto as Exhibit A,

at all NorVal facilities. This Notice shall be posted and maintained for the duration of this Consent Decree.

47.    NorVal shall ensure that the postings and Notice are not altered, defaced or covered by any other material.

VI.    <u>RECORD KEEPING</u>

48.    NorVal shall maintain the following records for the entire duration of this Consent Decree:

a.    All documentation concerning all complaints of discrimination, including complaints related to sexual harassment, hostile work environment and retaliation, during the term of this Consent Decree, including but not limited to, documentation of the complaint, documentation of the investigation; documentation of the findings of the investigation; and documentation of the corrective action taken, if any;

b.    All documents sent to or received from the Title VII Consultant, including but not limited to, all correspondence, billing records, and memoranda.

49.    NorVal shall provide copies of records maintained pursuant to this Consent Decree to the EEOC within fourteen (14) days of a written request from the EEOC.

50.     During the pendency of this Consent Decree, NorVal shall make available a board member, a senior manager or human resource official, or other appropriate personnel and the Title VII Consultant for audits upon request by the EEOC to determine compliance with this Consent Decree. The EEOC shall provide notice of audit subject matter not later than five (5) business days in advance but, at a minimum, the audit shall include whether NorVal or the Title VII Consultant have received any complaints about harassment or retaliation. Any requested audit will be conducted at NorVal's offices in Glasgow, Montana.

VII.    <u>REPORTING</u>

51.     NorVal shall submit a report to the EEOC for each year of this Consent Decree. The first report shall be submitted to the EEOC eleven (11) months after the entry of this Consent Decree, and each successive report will be submitted annually thereafter until the expiration of this Consent Decree, delivered to the EEOC by electronic mail to: (1) EEOC-SEFO_COMPLIANCE@eeoc.gov; and (2) SEFO_NORVAL@eeoc.gov.

52.     Each report shall contain the following information and attachments:

        a.      A certification, signed by the General Manager and all current board members, that NorVal has:

                i.      Continuously retained the Title VII Consultant as required by Paragraphs 14–22;

    ii.  Implemented its written EEO policies and procedures and distributed copies of its EEO policy as required by Paragraphs 30–36;

    iii.  Provided the trainings required by Paragraphs 26, 40, and 41;

    iv.  Posted and maintained the Notice required by Paragraphs 45–47;

    v.  Maintained the records as required by Paragraphs 48–50; and

    vi.  Complied with all other provisions of this Consent Decree.

b.  Copies of the following documents shall be included with each annual report submitted to the EEOC:

    i.  A copy of NorVal's current EEO policies and procedures, as revised and implemented to comply with this Consent Decree.

    ii.  Attendance lists, including dates, names, and job positions of each attendee, for each of the EEO trainings conducted in accordance with this Consent Decree during the prior year.

    iii.  A summary of all complaints of discrimination and/or retaliation received during the prior year, including for each complaint: the name of the employee; contact information for the employee; the date of the complaint; the dates of the investigation, the date of the determination, the nature of the

complaint; the identity(ies) of the subject(s) of the complaint;
whether the complaint was substantiated; the reason(s) the
complaint was or was not substantiated; and the corrective
action taken, if applicable.

## VIII.  ENFORCEMENT

53.    If the EEOC has reason to believe that NorVal has not complied with
the terms of this Consent Decree, the EEOC shall provide written notification of
the alleged breach to NorVal. The EEOC shall not petition the Court for
enforcement of this Consent Decree for at least thirty (30) days after providing
written notification of the alleged breach. The 30-day period following the written
notice shall be used by the EEOC and NorVal for good faith efforts to resolve the
dispute, including but not limited to sharing of information and documentation
upon reasonable request.

## IX.   RETENTION OF JURISDICTION

54.    The United States District Court for the District of Montana shall
dismiss this action with prejudice but retain jurisdiction over this matter for the
duration of this Consent Decree.

## X.   DURATION

55.    This Consent Decree shall be in effect for three (3) years from the
date of entry of the Decree. If the EEOC petitions the Court for breach of this

Consent Decree, and the Court finds NorVal to be in violation of a term of this

Consent Decree, the Court may extend the duration of this Consent Decree.

RESPECTFULLY SUBMITTED,

Dated this April 26, 2024.

U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSSION

By:    _____
       Roberta Steele

| | |
|---|---|
| ROBERTA STEELE | KARLA GILBRIDE |
| Regional Attorney | General Counsel |
| | |
| DAMIEN A. LEE | CHRISTOPHER LAGE |
| Assistant Regional Attorney | Deputy General Counsel |
| | |
| AMOS B. BLACKMAN | |
| Senior Trial Attorney | |
| | |
| Seattle Field Office | Office of the General Counsel |
| 909 1st Avenue, Suite 400 | 131 "M" Street NE |
| Seattle, Washington 98104 | Washington, D.C. 20507 |
| Telephone (206) 576-3027 | |
| Fax: (206) 220-6911 | |
| Email: amos.blackman@eeoc.gov | |

*Attorneys for Plaintiff*

NORVAL ELECTRIC COOPERATIVE, INC.

_____ (signed)

Chris Christensen_____ (printed)
President, Board of Trustees


_____ (signed)

Gretchen Boardman_____ (printed)
General Manager

DAVIS, HATLEY, HAFFEMAN & TIGHE, P.C.

By: _____
Maxon R. Davis
P.O. Box 2103
Great Falls, Montana 59403-2103

*Attorneys for Defendant*

# Exhibit A
*Notice to Employees*



# NOTICE TO EMPLOYEES

This notice has been posted pursuant to the settlement of claims of sex discrimination and retaliation alleged in the lawsuit *U.S. Equal Employment Opportunity Commission v. NorVal Electric Cooperative, Inc.*, U.S. District Court for Montana, Case Number 4:19-cv-71. The settlement terms are contained in a document filed with the Court and available to the public called a "Consent Decree." This Official Notice is required by the terms of the settlement. In accordance with the Consent Decree, NorVal will implement policies to ensure compliance with laws prohibiting sex discrimination, including sexual harassment, and retaliation; and retain a Title VII Consultant to receive and investigate all complaints of sex discrimination and retaliation it receives for the next three (3) years.

Federal law prohibits an employer from discriminating against any individual based on sex with respect to hiring, promotion, demotion, terms and conditions of employment and/or termination and this includes a prohibition against sexual harassment and a hostile work environment. Federal law also prohibits an employer from discriminating because of age, race, color, religion, national origin, disability, and an individual's genetic information. It is also unlawful for an employer to retaliate against any individual because they complain of discrimination, cooperate with the investigation of a discrimination complaint, or participates as a witness or potential witness in a discrimination investigation or legal proceeding or otherwise exercises their rights under the law.

If you have any complaints of sex discrimination or retaliation you should contact one of NorVal's Title VII Points of Contact: [name, telephone number, address, and email address for each].

Employees also have the right to bring complaints of discrimination to the U.S. Equal Employment Opportunity Commission. Montana is served by the EEOC's Seattle Field Office, which can be reached online at https://publicportal.eeoc.gov/, by phone at 206-576-3000 or 1-800-669-4000, or by mail at 909 1st Ave., Suite 400, Seattle, WA 98104.

This Official Notice shall remain prominently posted through **April 2027**.
This Official Notice shall not be altered, defaced, covered or obstructed by any other material.