LIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission, | **CV-19-71-GF-BMM** |
| Plaintiff, | |
| Shalaine Lawson, | **ORDER** |
| Intervenor, | |
| vs. | |
| Norval Electric Cooperative, Inc., | |
| Defendants. | |

## INTRODUCTION

Shalaine Lawson ("Lawson") filed a motion for attorney's fees and costs for an action filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against Norval Electric Cooperative, Inc. ("Norval") (Doc. 1.) Lawson intervened as a matter of statutory right in a case involving a claim of sexual harassment by her employer Norval. (Doc. 7.) Lawson filed a motion for summary judgment and the Court granted the motion on based on res judicata and collateral estoppel grounds. (Doc. 97.) The Court approved a consent decree between the EEOC and Norval. (Doc. 108.) Lawson filed a motion for attorney's fees. (Doc. 110.) Norval opposes

this motion. (Doc. 114.). The Court excused EEOC from appearing on Lawson's motion for attorney's fees and costs. (Doc. 117.) The Court held a hearing on this matter on October 2, 2024, (Doc. 122.)

## BACKGROUND

Lawson started worked at Norval as an accountant in 2010 and was promoted to office manager in 2015. *Lawson v Norval Elec. Coop.*, HRB Case No. 0180070, Final Agency Decision (Mont. Feb. 13, 2020). Lawson filed a complaint with the Department of the Labor & Industry ("Department") after suffering alleged sexual harassment and retaliation by her employer from May to November 2017. *Id*. The Department dismissed the complaint after a finding of no cause for the complaint and a lack of facts indicating harassment and retaliation. *Id*. Lawson filed an objection of the dismissal with the Human Rights Commission ("Commission"). The Commission remanded the case to the Office of Administrative Hearings. *Id*.

A Hearing Officer determined that Lawson had been sexually harassed by her immediate supervisor from May to November of 2017 and subsequently retaliated against for reporting the harassment. *Id*. The Hearing Officer issued a decision on October 22, 2019. *Id*. Todd Shea ("Shea"), from Shea Law Firm, P.L.L.C., represented Lawson throughout the proceedings. EEOC filed the present case, *U.S. Equal Unemployment Opportunity Commission v. Norval Electric Coop., Inc.*, on October 16, 2019. (Doc. 1.)

2

Lawson and Norval, concurrently, appealed the Hearing Officer's decision to the Commission in January 2020. *Lawson v Norval Elec. Coop*. (Mont. 2020). Lawson, meanwhile, intervened in the present case on January 17, 2020. (Doc. 17.) The Commission affirmed the Hearing Officer's decision in favor of Lawson on February 13, 2020. *Lawson v Norval Elec. Coop*. (2020). Norval sought judicial review of the Commission's decision from the Montana state court, Seventeenth Judicial District Court, Valley County, which affirmed. *Norval Elec. Coop., Inc. v. Lawson*, No. DV-2020-11 (Mont. 17th Dis. Ct. 2020). Norval appealed and the Montana Supreme Court affirmed in December 2022. *See Norval Elec. Coop., Inc. v. Lawson*, 523 P.3d 5 (Mont. 2022).

The Court granted summary judgment to Lawson based on the determination that the Montana state court proceedings had resolved identical claims and issues. (Doc. 97.) The case sat dormant, with no filings for over a year, before Norval and the EEOC entered a consent decree. (Doc. 107.) The Court approved the consent decree. (Doc. 108.) Lawson received an award of $50,000 in punitive damages as part of the consent decree. Lawson now seeks fees and costs in the federal action on top of the fees and costs awarded in the Montana state court proceedings. (Doc. 110.)

## LEGAL STANDARD

Title VII of the Civil Rights Act of 1964 ("Title VII") empowers a court to award a "prevailing party, other than the Commission or the United States," to

recover reasonable attorney's fees (including expert fees) in an action under 42 U.S.C. § 2000e-5. 42 U.S.C. §§ 2000e-5(k). A plaintiff is "a "prevailing party" if they "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978)). If the plaintiff wins on some but not all claims they have met the threshold for an award. *Id*. It remains for the Court to determine what fee would be "reasonable". *Id*. A court can calculate a reasonable fee by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *Id*.

An intervenor in an EEOC case may be treated as a "prevailing party" for purposes of awarding attorney's fees. *EEOC v. Sage Realty Corp., 521 F. Supp*. 263, 269 (S.D.N.Y. 1981). The EEOC and the private plaintiff remain free to decide who should take primary responsibility for the case, but "must take every reasonable effort to ensure that they do not unnecessarily duplicate work done." *Id*. When a court determines that a private plaintiff has failed to allow EEOC to take appropriate litigation responsibility and unnecessarily duplicates work, then the court may reduce the award accordingly. *Id* at 270.

A court follows the two-prong approach adopted by the Ninth Circuit for determining the appropriate amount of attorney's fees to award. "A court must first calculate a 'lodestar' figure by 'multiplying the number of hours reasonably

expended on the litigation times a reasonable hourly rate.'" *Davis v. City of San Francisco*, 976 F.2d 1536, 1541 (9th Cir. 1992) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988)). A court can use its discretion to adjust upward or downward to take into account case specific circumstances. *Id*. Montana state courts use the *Kerr* factors to consider these items:

> 1) time and labor required;
> 2) novelty and difficulty of the questions involved;
> 3) the skill requisite to perform the legal service;
> 4) the preclusion of other employment by the attorney due to acceptance of the case;
> 5) the customary fee;
> 6) whether the fee is fixed or contingent;
> 7) time limitations imposed by the client or the circumstances;
> 8) the amount involved and the results obtained;
> 9) the experience, reputation, and ability of the attorneys;
> 10) the 'undesirability' of the case;
> 11) the nature and length of the professional relationship with the client; and
> 12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F. 2d 67, 70 (9th Cir. 1975).

## DISCUSSION

Lawson seeks an award of attorney's fees and costs, including paralegal time, in the amount of $144,536.40. (Doc. 121 at 14.) Lawson further seeks an award for $3,425 attorney's fees, and paralegal time associated with preparation for the fees and costs hearing, $2,800 for Bridget leFeber's preparation as a witness and $249.24 for mileage reimbursement for travel to the hearing in Great Falls. (Doc. 122.)

The Court takes judicial notice that Shea took Lawson's case on a contingency basis. The Court also takes judicial notice that the Montana Seventeenth Judicial District Court, Valley County awarded Lawson $519,837 in fees and $48,258.44 in costs in November 2021. The Montana state court awarded Lawson an additional $110,565 fees and $2,610 in costs after Norval appealed. *Norval Elec. Coop., Inc. v. Lawson*, No. DV-2020-11 (Mont. 17th. Dis. Ct. 2023) (consolidated cases No. DV-2020-15; No. DV-2020-09).

## I.    Attorney's Fees

Both Title VII and the Montana Human Rights Act (MHRA) permit the Court, in its discretion, to award attorney's fees to a party that prevails in an action brought under those acts. 42 U.S.C. § 2000e-5(k); Mont. Code Ann. § 49-2-511(3)(a). A court "must strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases and avoiding a windfall to counsel." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (citations omitted).

### a.  Lawson is considered a prevailing party in the EEOC case.

Lawson, although not the named plaintiff in the present case, may be considered a prevailing party as an intervenor. An intervenor in an EEOC case may be treated as a "prevailing party" for purposes of awarding attorney's fees. *EEOC v. Sage Realty Corp., 521 F. Supp.* 263, 269 (S.D.N.Y. 1981). In *Sage Realty Corp*, an intervenor-plaintiff was awarded attorney's fees after EEOC filed a complaint on an employee's behalf and prevailed on claims of wrongful discharge and sexual

6

discrimination. *Id* at 267. The district court reasoned that the employee should not be denied attorney's fees because she did not initiate the action but intervened to protect her rights and help the EEOC with the litigation. *Id*. 269.

This case presents a unique situation where parallel proceedings involving the same facts were occurring in both federal and Montana state courts. No doubt exists that Lawson prevailed on her claims of sexual harassment and retaliation in Montana state court. The Montana state court awarded attorney's $519,837 fees and $48,258 in costs. *Norval Elec. Coop., Inc. v. Lawson*, 523 P.3d 5, 14 (Mont. 2022.) The Montana state court also awarded $505,957 to Lawson for front pay damages. *Id*. The Montana state court claims had not been resolved at the time that EEOC filed the present case. Lawson argues that she had no choice but to pursue her interest in the EEOC action.   Lawson's intervention came two years before the Montana Supreme Court decision in 2022.

The $50,000 punitive award that Lawson received relates to the statutorily defined amount recoverable from companies that have more than 14 but fewer than 101 employees. *See* 42 U.S.C. 1981a(b)(3)(A). Norval argues that Lawson's stipulation that certain claims and damages already had been decided in the Montana state case precludes Lawson from being considered a prevailing party in this action. (Doc. 114 at 5.; Doc. 96.) Lawson retained a claim for attorney's fees and costs and punitive damages under 42 U.S.C. 1981a. The consent decree excluded Lawson as

a party. The Court assumes, however, that Lawson's claims helped prompt Norval and EEOC to enter the consent decree. The Court granted Lawson's motion for summary judgment that precluded Norval from arguing that it was not liable for Lawson having suffered sexual harassment and retaliation. (Doc. 97 at 2-3.) The Court recognizes Lawson as a prevailing party as a plaintiff intervenor in this case. The question remains whether Lawson's work duplicated EEOC's litigation efforts against Norval.

### b. Lodestar Calculation

The Court must calculate the number of hours "reasonably expended on the litigation" and a "reasonable hourly rate" to determine the lodestar amount. *Caudle*, 224 F.3d at 1028. The calculations should involve "consideration of the results obtained by the prevailing litigant." *Id.* "Where a plaintiff has obtained excellent results, [their] attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. at 435 (1983). "If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436. This reasoning remains true "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* A court determining an award where the plaintiff has achieved only limited success "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to

account for the limited success." *Id.* at 436–37. A court necessarily exercises discretion in making this judgment. *Id.*

### i.   Hours Reasonably Expended

The Court excused EEOC from appearing on this this motion for attorney's fees. (Doc. 117.) The consent decree resolved EEOC's claims, including an attorney's fees claim. (Doc. 108.) Lawson ceased pursuing her punitive damages claim after the approved the consent decree, and solely sought attorney's fees and costs. (Doc. 109.) The Court recognizes that both Lawson and the EEOC succeeded on all claims that were not precluded from the summary judgement order. The Court finds it difficult, however, to justify a complete award of attorney's fees because of the related state proceedings and duplicative work in this case. *E.E.O.C. v. Clear Lake Dodge*, 60 F. 3d 1146, 1154 (5th Cir. 1995) (remanding award of attorney's fees to private counsel when plaintiff prevailed only on her Title VII claims prosecuted by the EEOC and lost on all the claims brought by plaintiff's private counsel to avoid "a windfall of compensation for claims prosecuted but lost").

Lawson initiated state court proceedings based on state law claims and obtained a successful outcome. The Montana state court did not stay further proceedings pending the outcome of this case. The Court presumes, however, that EEOC would not have filed its case had Lawson not succeeded at the state administrative level. Much of the attorney time dedicated to the state administrative

proceeding, the judicial review in the state court, and the state court appeal already has been awarded as fees. This fact warrants a reduction in the award. The Court also considers work that is "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The Court notes that "[c]lerical tasks such as filing, scheduling, and maintaining files, are usually part of the overhead charged in an attorney's hourly rate and are not recoverable." *Runs Through v. Dschaak*, CV 20-93-GF-BMM-JTJ, 2022 U.S. Dist. LEXIS 65707, at *9 (D. Mont. Apr. 8, 2022).

A review of the billing spreadsheet filed by Lawson's counsel shows multiple entries related to emailing, updating, and communicating with EEOC regarding the status of the state law case. (Doc. 111-3, Ex. Q.) Lawson's counsel balanced attorney-client privilege with assisting EEOC in litigating its own case. The information provided to EEOC streamlined the discovery process. Lawson points out that the parties took 6 depositions between October 2019 and August 2024, the Court entered 31 orders, and the parties filed 69 pleadings. (Doc. 121 at 13-14.) Lawson claims there were 382.7 hours of attorney time and 138.9 hours of paralegal time dedicated to handling this case. (*Id.*)

The Court notes that most of these 31 orders related to scheduling matters or adopting stipulations entered by the parties. (*See, e.g.,* Docs. 6, 15, 42, 44, 46, 51, 57, 58, 71, 79, 83, 84, 113, and 117.) Numerous entries simply advise EEOC about the Montana state court proceedings and provide EEOC with these Montana state

court documents. (See examples Doc. 111-3. Ex Q at 7, 10, 11,13) Other entries call into question the hours expended. For example, Lawson filed her motion to intervene on January 17, 2020. (Doc. 7.) Lawson's counsel argued in support of a motion to file an amended complaint on April 10, 2020, that "no depositions have been scheduled in this case, and the first written discovery served in the case occurred this week.") (Doc. 36 at 2.)

The parties agreed at oral argument that the unique procedural nature offers little case law instructing on how to evaluate fee requests when two cases parallel each other in federal and state courts. Lawson is entitled to an award of reasonable based on her efforts to assist the EEOC with relevant discovery, filing the motion for intervention, motion for summary judgment, preparation for trial, and filing the motion for attorney's fees. Much of the other work reflected on the billings records appears to duplicate efforts of EEOC and warrants a reduction.

A declaration by EEOC's lead counsel states that "Mr. Shea provided important information to the EEOC concerning the related Montana state proceedings. . . The EEOC did not take a position on the underlying merits of Lawson's [motion for partial summary judgment] based on the adjudication of claims under Montana law]." (Doc. 111, Ex. O at 2.)  The question remains why EEOC needed updates from Lawson so frequently about the Montana state court proceedings beyond producing the relevant discovery materials. The Court questions

11

whether EEOC instead should have given Lawson a "right to sue" letter. *See New York Gaslight Club Inc., et al. v. Carey* 447 U.S. 54 (1980) (EEOC issued a "right to sue" letter to employee instead of filing federal suit).

The Montana Supreme Court has awarded attorney's fees for time spent in a multi-plaintiff case where only one plaintiff succeeded on their claim. *Edwards v. Cascade County*, 212 P.3d 289, 294 (Mont. 2009). The claims "involve[d] a core set of facts and [were] based on the same legal theory." *Id.* at 293. Substantial evidence existed that the attorney's time could not be segregated between the claims. *Id.* at 294. The Montana Supreme Court reversed the state district court's deduction of fees based on that fact that the claims could not be segregated. *Id.*

This case differs.  Lawson ultimately prevailed on all her civil rights claims by receiving injunctive relief and punitive damages. Lawson reserved her right to pursue attorney's fees and costs. (Doc. 96 at 3; Doc. 16 at 10.; Doc. 107 at 2.)  Like *Edwards* the claims here could not be segregated and were intertwined with the same facts. Lawson prevailed, however, in an entirely separate proceeding in the Montana state courts based on the same facts. The fact that the EEOC and Lawson prevailed weigh in favor of awarding attorney's fees. Consideration of the other *Kerr* factors and the previous award of attorney's fees in the Montana state proceedings based on the same facts warrants a reduction.

Lawson intervened in the EEOC's action in this Court. Lawson apparently felt that protecting her rights separate from the EEOC action proved necessary given the procedural status of her Montana state court case. The timing of the suits and the fact that neither one was stayed supports the calculation of attorney's fees and costs from the date EEOC commenced this action on October 16, 2019. Lawson concedes that she already has been awarded fees for her work in the EEOC case by the Montana state courts. (Doc. 121 at 3.); *cf. Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (reversing 25 percent reduction in attorney's fees request due to lack of explanation when case had been litigated in the district court, appealed to the Ninth Circuit, remanded back to district court, litigated again in district court, and appealed for a second time as extended timeframe would have rendered the research stale and added to the delay).

The separate proceedings in the Montana state court overlapped in part with this case. Concerns over the staleness of the legal research cited in *Moreno* do not exist here. Lawson's counsel likely used similar legal research for both actions. This overlap supports a further reduction in fees based on the review of the billing sheet for research that duplicated the Montana state court and EEOC proceedings. This Court determines that after reviewing Shea's billing spreadsheet and for the reasons stated above a reduction to an award of 150 hours in attorney time and a reduction to 100 hours of paralegal time is necessary.

13

### ii.    Reasonable Rate

Norval argues that the rate that Shea charged was unreasonable but does not object to a rate of $300 per hour for attorney time. The Court disagrees. "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Blum*, 465 U.S. at 895 n.11). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). The party seeking attorney's fees bears the burden "to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho*, 523 F.3d at 980 (quoting *Blum*, 465 U.S. at 895 n.11). "[A]ffidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *Camacho*, 523 F.3d at 980 (internal quotations omitted) (cleaned up). The opposing party may rebut, however, the evidence presented by the claimant.

Lawson's counsel operates with one attorney and three paralegals. The relevant community for determining a reasonable hourly rate is the Butte division

14

for the District of Montana, which consists of Butte, Bozeman, and surrounding areas. Lawson submitted nine affidavits by attorneys with various experience levels, and many work in employment law and human rights law. (Doc. 111. Ex. L.) All the affidavits opine that Shea charged an hourly rate either at or below the market rate for the area and based on the type of case and Shea's background. (*Id*.) The Court finds the opinion of Bridget leFeber to be persuasive. (*Id*. at 26-31.) LeFeber details the likelihood of the EEOC to pursue litigation in the federal court system and how rare it is to have a case be so successful. LeFeber's opinion echoes that of other attorneys for a reasonable hourly rate.

The Ninth Circuit has set forth a variety of factors to consider in determining the appropriate hourly rate for an attorney in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 363–64 n.8, n.9 (9th Cir. 1996). These factors include the following: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . [and] (4) the results obtained." *Id*. at 364 n.9. The Court already has accounted for the results obtained in determining the reasonable hours expended. The Court finds that Shea's rate of $325 per hour and the paralegal rate of $125 per hour was reasonable. The Court now considers the remaining factors in determining an appropriate fee.

### iii.    Fees on Fees

Lawson seeks an award of fees on fees for work related to pursuing her claims for attorney's fees and associated costs. Lawson correctly notes that "in statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *Camacho v. Bridgeport Financial., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008). The Ninth Circuit concluded that the lodestar method should be employed for fees on fees calculations. *Id.* at 982. Norval has contested any award of fees and does not directly respond to the claim for fees on fees. The Court finds it reasonable to award fees associated with pursuing a claim for attorney's fees, or so called "fees on fees." Shea calculated fees on fees through September 24,2024 to be $6,860. This included attorney and paralegal time to prepare and respond to pleadings filed for the attorney's fee request. Shea also requested an additional $6,475 for time associated with preparing leFeber as a witness and to prepare for the attorney's fee hearing. The Court will award these additional requests for a total of $13,335.

### c.  No multiplier to the lodestar figure is necessary because the amount calculated reasonably captures a reasonable fee award.

A strong presumption exists that the lodestar figure represents a reasonable figure for attorney's fees. *Morales*, 96 F.3d at 364 n.8. "'Only in rare instances should the lodestar figure be adjusted on the basis of other considerations.'" *Id.* (quoting *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994); *Oviatt v. Pearce*, 954

F.2d 1470, 1482 (9th Cir. 1992)). The Court accounted for other considerations, including the experience of counsel and complexity of the case, in determining the reasonable rate. No adjustments to the lodestar calculation prove warranted.

## II.    Non-taxable Costs

Lawson seeks an award of $2,788 in non-taxable costs. "It is well established that attorney's fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee-paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920." *Trs. of the Constr. Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006). "Both the Supreme Court and [the Ninth Circuit] have held that the standards for determining a reasonable attorney's fee in a Title VII action pursuant to 42 U.S.C. § 2000e-5(k) are identical to those utilized in determining an attorney's fee award pursuant to 42 U.S.C. § 1988." *Davis*, 976 F.2d at 1541 n.1.

Mileage and lodging represent "reasonable out-of-pocket litigation expenses that would normally be charged to a fee-paying client." *Trs. of the Constr. Indus. and Laborers Health and Welfare Trust*, 460 F.3d at 1257. Shea points out that he requested this Court to appear remotely most of the time to reduce costs, and accordingly kept costs to a minimum. After reviewing the record, the Court finds it reasonable to award Lawson all costs as requested.

17

## CONCLUSION

The Court will grant Lawson's motion for attorney's fees and non-taxable costs. The Court will grant only a reduced amount in fees and costs. The Court bases its award of attorney's fees and costs of a reasonable billing rate of $325 per hour for counsel applied to 150 hours as a reasonable reflection of attorney time. The Court awards paralegal time at a reasonable rate of $125 per hour applied to 100 hours as a reasonable calculation of paralegal time, The Court will award $61,250 in attorney's fees and costs, and an additional $13,335 for fees-on-fees calculation and the costs associated with preparation for the hearing on the motion for attorney's fees, for a total of $74,585.

## ORDER

Accordingly, **IT IS ORDERED** that Lawson's Motion for Attorney's Fees and Costs (Doc. 110) is **GRANTED IN PART**. The Court awards Lawson **$74,585** in attorney's fees and costs.

DATED this 4th day of November, 2024.

_____
Brian Morris, Chief District Judge
United States District Court

18